UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAVIER NAZARIO,

               Petitioner,

v.                                        Case No. 3:13-cv-786-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

               Respondents.

_____

**ORDER**

**I. Status**

     Petitioner Javier Nazario, an inmate of the Florida penal system, initiated this action on July 3, 2013, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Nazario challenges a 2010 state court (Duval County, Florida) judgment of conviction for aggravated fleeing or attempting to elude a law enforcement officer, felony driving under the influence, and driving while license suspended or revoked. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer to Petition for Writ of Habeas Corpus (Response; Doc. 7) with exhibits (Resp. Ex.). On September 26, 2013, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 5), admonishing Nazario regarding his obligations and giving Nazario a time frame in which to submit a reply. Nazario submitted a brief in reply. See Response (Doc. 11). This case is ripe for review.

## II. Procedural History

On September 22, 2010, in Case No. 2010-CF-9756, the State of Florida charged Nazario with aggravated fleeing or attempting to elude a law enforcement officer (count one), felony driving under the influence (count two), and driving while license suspended or revoked (count three). Resp. Ex. A, Information. On November 10, 2010, Nazario entered a plea of guilty and negotiated sentence. Resp. Exs. B; I, attached Ex. C, Transcript of the Plea Hearing (Plea Tr.). That same day, the trial court sentenced him to a term of imprisonment of seven years for count one, a term of imprisonment of five years for count two, and a jail term of seventy-three days for count three, such terms to run concurrently with each other. Resp. Ex. C, Judgment; Plea Tr. at 12. Nazario did not appeal his judgment and sentence.

On August 23, 2011, Nazario filed a pro se motion for correction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. D. That same day, he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. E. In his request for post-conviction relief, he asserted that counsel was ineffective because she failed to investigate and prepare a defense. On November 2, 2011, Petitioner filed a motion to strike his Rule 3.800 and 3.850 motions and sought permission to file an amended Rule 3.850 motion. Resp. Ex. F.

2

On November 7, 2011, Nazario filed a pro se amended motion for post-conviction relief (amended Rule 3.850 motion). Resp. Ex. G. In his request for post-conviction relief, he asserted that his plea was involuntarily entered by "illegal inducement" because counsel lied when she told him that it would be in his best interest to enter the plea (ground one), and counsel was ineffective because she told him that "the State had enough evidence to establish a prima facie case of guilt against him on all charges" (ground two). Resp. Ex. G. On June 19, 2012, the trial court denied his Rule 3.800 motion and his original and amended Rule 3.850 motions. Resp. Ex. H. On September 12, 2012, the trial court vacated its June 19, 2012 order, and denied the amended Rule 3.850 motion. Resp. Ex. I. The court denied Nazario's motion for rehearing on October 5, 2010. Resp. Exs. J; K. On Nazario's appeal, the parties did not file briefs. On March 11, 2013, the appellate court affirmed the trial court's denial per curiam without issuing a written opinion, see Nazario v. State, 111 So.3d 885 (Fla. 1st DCA 2013); Resp. Ex. L, and later denied Nazario's motion for rehearing on April 29, 2013, see Resp. Exs. M; N. The mandate issued on May 15, 2013. Resp. Ex. O.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d); Response at 5-7.

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Court will analyze Nazario's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

> determined by the Supreme Court of
> the United States; or

> (2) resulted in a decision that
> was based on an unreasonable
> determination of the facts in light
> of the evidence presented in the
> State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has
> adjudicated the petitioner's claim on the
> merits, a federal court may not grant habeas
> relief unless the state court's decision was
> "contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States," 28 U.S.C. § 2254(d)(1), or
> "was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding," id. §
> 2254(d)(2). "Under § 2254(d)(1)'s 'contrary
> to' clause, we grant relief only 'if the state
> court arrives at a conclusion opposite to that
> reached by [the Supreme] Court on a question
> of law or if the state court decides a case
> differently than [the Supreme Court] has on a
> set of materially indistinguishable facts.'"
> Jones v. GDCP Warden, 753 F.3d 1171, 1182
> (11th Cir. 2014) (quoting Williams v. Taylor,
> 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d
> 389 (2000)). "Under § 2254(d)(1)'s
> 'unreasonable application' clause, we grant
> relief only 'if the state court identifies the

5

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See

<blockquote>
Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786....
</blockquote>

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014), cert. denied, 135 S.Ct. 2323 (2015); see also Hittson v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014), cert. denied, 135 S.Ct. 2126 (2015).

For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for rejecting a claim[.]"); Richter, 562 U.S. at 100 (holding and reconfirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that Nazario's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense

counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u>, at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1] A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>, at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the

---

[1] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>see</u> <u>Lynch v. Sec'y, Fla. Dep't of Corr.</u>, 776 F.3d 1209, 1218 (11th Cir. 2015) (citation omitted) (stating that, to succeed on a claim that counsel was ineffective because he advised petitioner to plead guilty, petitioner "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"), <u>cert</u>. <u>denied</u>, 136 S.Ct. 798 (2016).

> proceeding." Id., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." Id., at 687, 104
> S.Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward v. Hall, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's
> representation is a most deferential one."
> Richter, - U.S. at -, 131 S.Ct. at 788. But
> "[e]stablishing that a state court's
> application of Strickland was unreasonable
> under § 2254(d) is all the more difficult. The
> standards created by Strickland and § 2254(d)
> are both highly deferential, and when the two
> apply in tandem, review is doubly so." Id.
> (citations and quotation marks omitted). "The
> question is not whether a federal court
> believes the state court's determination under
> the Strickland standard was incorrect but
> whether that determination was unreasonable -
> a substantially higher threshold." Knowles v.
> Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411,
> 1420, 173 L.Ed.2d 251 (2009) (quotation marks

9

> omitted). If there is "any reasonable argument
> that counsel satisfied Strickland's
> deferential standard," then a federal court
> may not disturb a state-court decision denying
> the claim. Richter, - U.S. at -, 131 S.Ct. at
> 788.

Hittson, 759 F.3d at 1248; Knowles v. Mirzayance, 556 U.S. 111, 123

(2009). "In addition to the deference to counsel's performance

mandated by Strickland, the AEDPA adds another layer of

deference--this one to a state court's decision--when we are

considering whether to grant federal habeas relief from a state

court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th

Cir. 2004). As such, "[s]urmounting Strickland's high bar is never

an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

### VII. Findings of Fact and Conclusions of Law

Nazario asserts that counsel (Assistant Public Defender

Mechelle Herrington) was ineffective because she coerced him into

entering a guilty plea. See Petition at 5-6. Assuming that Nazario

intends to raise the same ineffectiveness claim here that he raised

in his amended Rule 3.850 motion in state court, see Resp. Ex. G,

his ineffectiveness claim is sufficiently exhausted. Identifying

the two-prong Strickland ineffectiveness test and Hill v. Lockhart

as the controlling law, see Resp. Ex. I at 1-2, the post-conviction

court denied the amended Rule 3.850 motion with respect to the

claim, stating in pertinent part:

> Both of Defendant's grounds essentially
> state the same claim, therefore, they will be
> considered together. In his first ground for

relief, Defendant avers that his plea was involuntary. He states that counsel lied to him when explaining that a plea would be in his best interest because counsel overstated the strength of the State's case against him. Defendant alleges that this falsehood, along with counsel's failure to adequately investigate the case, resulted in a coerced plea for which there was no factual basis because there was insufficient evidence to support a conviction for Counts One and Two.

In his second ground for relief, Defendant again alleges that counsel lied and provided misadvice when she told Defendant that "the State had enough evidence against him to establish a prima facie case of guilt on all charges." (Def.'s Mot. at 3.) This time, however, Defendant states that counsel's deficient performance (lying to him about the facts and law of the case, as stated in Ground One) induced him to take a plea instead of going to trial on Counts One and Two.

Regarding the sufficiency of Defendant's plea, the Court finds that the plea was supported by a factual basis and was knowingly, intelligently, and voluntarily made. During Defendant's plea colloquy, Defendant stipulated to a factual basis for the plea. (Ex. C at 6.) The Court found that based on the stipulation and the sworn arrest and booking report, a factual basis existed for Defendant's plea. (Ex. C at 8; D.) Koenig v. State, 597 So.2d 256, 258 (Fla. 1992)(finding stipulation to a factual basis is acceptable provided that a factual basis exists in the record.) Following a detailed colloquy, the Court accepted Defendant's plea as knowingly and voluntarily made. (Ex. C at 11.) A defendant may not seek to go behind his sworn testimony at a plea hearing in a postconviction motion. Stano v. State, 520 So.2d 278 (Fla. 1988); Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991).

Further, during the colloquy, the Court explained to Defendant that he had the right

to go to trial and challenge the evidence
against him. (Exhibit C at 9-10). At no time
did Defendant indicate to the Court that he
felt there was insufficient evidence to
sustain the charges against him and that he
wished to go to trial. (Ex. C).

The Court also ascertained that Defendant
had not been forced, threatened, or promised
anything to induce a plea. (Ex. C at 7.)
Defendant admitted to the Court that he was
pleading guilty to the charges against him
because he was, in fact, guilty. (Ex. C at
6-11.) As indicated _supra_, a defendant may not
seek to go behind his sworn testimony at a
plea hearing in a postconviction motion.
_Stano_, 520 So.2d at 278; _Bir_, 493 So.2d at 55;
_Dean_, 580 So.2d at 808.

As for satisfaction with counsel's
representation, Defendant affirmed that his
counsel had satisfactorily answered all of his
questions, that she "had not failed him in any
aspect of the representation," and that he was
completely satisfied with her services. (Ex. C
at 11.) Despite the opportunity, at no time
did Defendant tell the Court that counsel
failed to investigate his case or lied to him
about the strength of the State's case. Again,
defendant may not seek to go behind his sworn
testimony at a plea hearing in a
postconviction motion. _Stano_, 520 So.2d 278;
_Bir_, 493 So.2d 55; _Dean_, 580 So.2d 808.

The record, including the sworn arrest
report and transcript of Defendant's plea
colloquy and sentencing hearing, refutes the
claims raised in the instant Motion. _See
Johnson v. State_, 22 So.3d 840, 844 (Fla. 1st
DCA 2009)("When determining 'whether an
allegation is conclusively refuted by the
record, [a trial court] may rely on the sworn
testimony the defendant has given in the plea
colloquy. Any allegations that contradict
those answers should not be entertained.'")
(citing _Smith v. State_, 21 So.3d 72, 76 (Fla.
1st DCA 2009)[)]. Instead, the record supports
the finding that Defendant's plea was
knowingly, intelligently, and voluntarily

made. Therefore, Defendant has not met his burden under <u>Strickland</u>. He has demonstrated neither deficient performance by counsel nor resulting prejudice. Accordingly, for the above[-]stated reasons, Defendant's Motion is denied.

Resp. Ex. I at 3-5 (footnotes omitted). On Nazario's appeal, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>Nazario</u>, 111 So.3d 885; Resp. Ex. L, and later denied Nazario's motion for rehearing, <u>see</u> Resp. Exs. M; N.

Given the record in the instant action, the appellate court may have affirmed the denial of Nazario's motion for post-conviction relief on the merits. If the appellate court addressed the merits, Nazario would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Nazario is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the post-conviction motion on the merits or that the state courts' adjudications of the claim are not entitled to deference under AEDPA, Nazario's ineffectiveness claim is still

13

without merit. The record supports the trial court's conclusion. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), cert. denied, 135 S.Ct. 1483 (2015). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Nazario must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel

14

acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

The United States Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). On this record, Nazario has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance.

At the plea and sentencing hearing, the following colloquy ensued:

> THE COURT: Have you had enough time to discuss this with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has she answered all of your questions you have had to your satisfaction?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Has she failed you in any respect in her representation of you?

THE DEFENDANT: No, sir.

THE COURT: Are you completely satisfied with her services as an attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need more time to speak with her before I accept your plea?

THE DEFENDANT: No, sir.

THE COURT: I'll find that your plea is entered into knowingly, voluntarily, intelligently, with a complete understanding of the consequences. I'll find there's a factual basis for entry of the plea.

Did I ask you if there was any DNA evidence?

MS. HERRINGTON: Yes, you did, Your Honor. There is none.

THE COURT: Thank you.

As to -- I will accept the plea agreement. You will be adjudicated on all counts.

Plea Tr. at 10-12. In addition to Nazario's affirmations at the plea hearing, the signed negotiated plea form states, in pertinent part:

I understand that by pleading guilty I give up the following constitutional rights: the right to trial by judge or jury (including, if I am charged with a capital offense, the right to a jury of twelve persons), the right to be

16

> represented by counsel at trial, the right to
> have counsel appointed to represent me if I
> cannot afford to retain counsel, the right to
> present witnesses in my own behalf and to
> compel the attendance of those witnesses, the
> right to confront the witnesses against me,
> the right to require the State to prove its
> case against me beyond a reasonable doubt and,
> for purposes of this plea hearing, my right
> against self-incrimination. I further
> understand that if I am not a citizen of the
> United States that this plea may subject me to
> deportation. I also understand that by
> entering this plea I give up the right to
> appeal all matters relating to the judgement,
> including the issue of guilt or innocence.

See Resp. Ex. B, Plea of Guilty and Negotiated Sentence. Given the record, Nazario understood that, if he proceeded to trial, the State would have been required to prove all the elements of the offenses beyond a reasonable doubt. Nevertheless, having been informed of his constitutional rights, he voluntarily waived his right to require the State to present that proof at trial, and instead entered a negotiated plea of guilty to the charges. Moreover, Nazario's assertion that there was no factual basis for the guilty plea is unfounded. Upon the parties' stipulation to the factual basis, see Plea Tr. at 6, the court found "there's a factual basis for entry of the plea," id. at 11. As noted by the post-conviction court, see Resp. Ex. I at 3 n.1, "the detailed narrative" in the arrest and booking report supports counsel's alleged statement to Nazario that the State had sufficient evidence against him to proceed to trial on the three counts, see Resp. Ex. I, attached Ex. D, Arrest and Booking Report. Moreover, at the plea

17

hearing, Nazario affirmed that no one had forced him or threatened him or promised him anything in exchange for his guilty plea. Plea Tr. at 7. He affirmed that he was entering a plea of guilty because he was guilty of the charges. Id. at 8.

Even assuming arguendo deficient performance by defense counsel, Nazario has not shown prejudice. He has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. As part of the plea agreement, the State agreed to a term of imprisonment of seven years for count one, a term of imprisonment of five years for count two, and seventy-three days in the county jail (with time served) for count three, such terms to run concurrently. Resp. Ex. B; Plea Tr. at 5-6. If Nazario had proceeded to trial, and the jury had found him guilty of the offenses, he would have faced a possible term of imprisonment of fifteen years for count one, a second degree felony.[2] As such, the plea agreement gave him a significant benefit. Nazario's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Nazario is not entitled to federal habeas relief on this ineffectiveness claim.

---

[2] See Fla. Stat. § 316.1935(3)(a); Lambert v. State, 170 So.3d 74, 75 n.1 (Fla. 1st DCA 2015) (stating that aggravated fleeing or attempting to elude a law enforcement officer is a second-degree felony punishable by up to fifteen years in prison).

Moreover, to the extent that Nazario raises challenges relating to the state collateral proceeding, such challenges do not state a basis for federal habeas relief. The Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (citations omitted). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment--i.e., the conviction itself--and thus habeas relief is not an appropriate remedy." Id. (citations omitted).

## VIII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Nazario seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Nazario "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If Nazario appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any

20

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2016.

MARCIA MORALES HOWARD
United States District Judge

sc 4/6
c:
Javier Ivan Nazario III, FDOC #304298
Counsel of Record